Peter K. Michael
Attorney General

Daniel E. White
Deputy Attorney General

John H. Ridge [Wyo. State Bar No. 7-4676]
Supervising Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, Wyoming 82002
(307) 777-5996
(307) 777-8920 Facsimile
john.ridge@wyo.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

| | |
|---|---|
| ROGELIO ROGRIGUEZ, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 17-CV-14-S |
| ) | |
| PARK COUNTY DETENTION CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STRIKE

Defendants Sergeant Jona Harris, Lieutenant Joseph Torczon, and Deputy Mark Longo (referred to herein as the "individual defendants"), by and through the Wyoming Attorney General's Office, move to strike Plaintiff's filings of notices, letters, grievances, supplements and other documents. [*See* Docs. 3-5, 10-15, 23-26, 28, 36-37, and 40-41.] In support of this motion, the individual defendants state as follows:

1. Rogelio Rodriguez Jr. ("Plaintiff" or "Rodriguez") is an inmate in the Park County Detention Center, located in Cody, Wyoming.

2. Plaintiff has filed three separate complaints with this court against the individual defendants. He filed his pro se Complaint in 17-cv-14-S on January 20, 2017 and his pro se Complaint in 17-cv-23-S on February 6, 2017. [Docs. 1 and 1.]

3. The Court issued its Consolidation Order Pursuant to Federal Rule Civil Procedure 42(a) on February 7, 2017, consolidating the dockets under 17-cv-14-S. [Doc. 6.]

4. Plaintiff filed a third complaint, referred to as an Amended Complaint, on March 3, 2017. [Doc. 29.]

5. In addition to his three complaints, Rodriguez has filed with the Court multiple notices, letters, grievances, supplements and other documents (hereinafter, the "ancillary documents"). [*See* Docs. 3-5, 10-15, 23-26, 28, 36-37, and 40-41.]

6. The Federal Rules of Civil Procedure set forth the types of filings that are permitted in federal court. *See* Fed. R. Civ. P. 7. Plaintiff's ancillary documents are not permitted under the federal rules and should, therefore, be stricken. *See Ysais v. New Mexico, Judicial Standard Commission*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) ("[A] Court may choose to strike a filing that is not allowed by local rule[.]" (internal quotations marks omitted)).

7. The ancillary documents should also be stricken because they are not pleadings or motions, but evidentiary in nature.  As such, they must be properly introduced, the defendants must be given an opportunity to object to their admission, and their evidentiary value must be determined by this Court.  *See* Fed. R. Evid. 104 (a Court must decide whether evidence is admissible).  In this case, none of the documents to which defendants object have been property authenticated.  *See* Fed. R. Evid. 901.  Moreover, the letters and notes constitute hearsay and lack relevance.  *See* Fed. R. Evid. 403, 801-802.

For the reasons stated herein, the individual defendants request that the Court strike Documents 3-5, 10-15, 23-26, 28, 36-37, and 40-41.

**DATED** this 22nd day of March, 2017.

                                        /s/ John H. Ridge
                                        John H. Ridge
                                        Supervising Attorney General

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have sent a copy of the foregoing on this 22nd day of March, 2017, to the following individuals:

| | |
|---|---|
| Rogelio Rodriguez, Jr.<br>Park County Detention Center<br>1402 Riverview Drive<br>Cody, Wyoming 82414 | [✓] U.S. MAIL |
| Thomas Thompson<br>tthompson@wyomingattorneys.net | [✓] E-MAIL |

/s/ MaryBeth Oatsvall
MaryBeth Oatsvall
Office of the Wyoming Attorney General