Thomas A. Thompson, #6-2640
MacPherson, Kelly & Thompson, LLC
P.O. Box 999
616 W. Buffalo
Rawlins, WY 82301
(307) 324-2713-phone
(307) 324-7348-fax

Attorney for Defendants
Park County Detention Center and
Sergeant Harris in her
official capacity
tthompson@wyomingattorneys.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ROGELIO RODRIGUEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 17-CV-14-S |
| | ) | |
| PARK COUNTY DETENTION CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**COME NOW,** Defendants Park County Detention Center, Sergeant Jona Harris, Lieutenant Joseph Torczon and Deputy Mark Longo (all in their official capacity), by and through their attorney Thomas A. Thompson, of MacPherson, Kelly and Thompson, LLC, and hereby submit their Memorandum in Support of Motion to Dismiss, requesting that this Court dismiss all claims against Defendants Park County Detention Center and all other official capacity claims against each of the other named Defendants.

## I.  OVERVIEW

Defendants Park County Detention Center and the other named Defendants in their "official capacity" hereby adopt by reference and incorporate into their memorandum the section titled "I.

Overview" provided by the "individual defendants" in their memorandum on pages 1 - 6 which sets forth the Plaintiff's six different causes of action.

## II.   STANDARD OF REVIEW

Plaintiff's claims against the Park County Detention Center and those "official capacity" claims against the other named Defendants should be dismissed for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir.2003)

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiffs have pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation is a two-step analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81, 129 S.Ct. 1937. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681, 129

S.Ct. 1937. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679, 129 S.Ct. 1937.

The court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id. (citation omitted).

The court construes a *pro se* litigant's pleadings liberally and holds these litigants to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "it is [not] the proper function of [the Court] to assume the role of advocate for the *pro se* litigant." *Id*. at 1110. Even a *pro se* plaintiff has the burden of alleging sufficient facts upon which a recognized legal claim could be based. *See Id.* at 1109. Accordingly, a court will liberally construe plaintiff's claims, but a court will not supply additional factual allegations to round out plaintiff's complaint or construct a theory on his behalf. *Id.* at 1109-10.

### III.   ARGUMENTS FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Park County Detention Center and the other named Defendants in their "official capacity" hereby adopt by reference and incorporate into their memorandum the legal arguments set

forth in that section titled "III. Arguments for Dismissal Under Fed. R. Civ. P. 12(b)(6)" provided

by the "individual defendants" in their memorandum on pages 7 - 19.

Legal Analysis:

Although not entirely discernable from the complaint, Plaintiff's claims appear to be

couched as causes of action arising under 42 U.S.C. § 1983, *Bivens*, and 28 U.S.C. § 1331. In any

case, Plaintiff has failed to state any plausible claim for relief against Defendants Park County

Detention Center and all other named Defendants in their "official capacities".

In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

611 (1978), the Supreme Court enunciated the rule for imposing liability on a governmental entity:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by
> its employees or agents. Instead, it is when execution of a government's policy or
> custom, whether made by its lawmakers or by those whose edicts or acts may fairly be
> said to represent official policy, inflicts the injury that the government as an entity is
> responsible under § 1983.

*Monell*, 436 U.S. at 694, 98 S.Ct. 2018. "The 'official policy' requirement was intended to

distinguish acts of the municipality from acts of employees of the municipality, and thereby

make clear that municipal liability is limited to action for which the municipality is actually

responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d

452 (1986). At a minimum, a party asserting a *Monell* claim must plead sufficient facts to

identify the unconstitutional custom or policy that was promulgated and the means by which

that custom or policy caused the constitutional violation. *See, e.g., Hollingsworth v. Hill*,

110 F.3d 733, 742 (10th Cir.1997).

Here, Plaintiff's complaint fails to allege any unconstitutional custom or policy

maintained by the Park County Detention Center and any such allegation which could be

gleaned from Plaintiff's complaint would be entirely conclusory. Plaintiff fails to offer even a "formulaic recitation" of a *Monnel* claim, which would have to include allegations that the Park County Detention Center is liable under § 1983 because the County itself is the moving force behind the Constitutional torts alleged in this complaint and that the County is liable because under *Monnel* the actions taken by Defendants Harris, Torczon and Longo were a policy or custom of the county because they are actions taken by their final policymakers, whether or not those actions conform to the county's own pre-existing rules.  Simply stated, Plaintiff never identifies any particular custom or policy under which Defendants Harris, Torczon and Longo were acting, nor does he specify how any custom or policy caused Defendants Harris, Torczon and Longo to violate Plaintiff's constitutional rights. As *Iqbal* makes clear, even if such conclusory allegations can be gleaned from the most liberal understanding of Plaintiff's complaint, they are insufficient to state a claim.

### Official Capacity Claims Against Individual Defendants

Defendants Harris, Torczon and Longo move to dismiss the "official capacity" claims against them. Official capacity claims are considered to be claims for municipal liability and are thus one and the same as suing the county. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (an official capacity "suit is, in all respects other than name, to be treated as a suit against the entity"); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n. 2 (10th Cir.1998). "There is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly." *Graham*, 473 U.S. at 167, n. 14, 105 S.Ct. 3099.

Thus, the official capacity claims against the individual named Defendants should be dismissed.

## IV.    ARGUMENTS FOR DISMISSAL PURSUANT TO
### 28 U.S.C. § 1915(A)

Defendants Park County Detention Center and Defendants Harris, Torczon and Longo in their "official capacity" respectfully join in the arguments made by Defendants Harris, Torczon and Longo in that *Memorandum in Support of Motion to Dismiss* filed in their "individual capacity" concerning dismissal of Plaintiff's complaint under the Prison Litigation Reform Act of 1996 (the "PLRA") as frivolous. (Memorandum in Support of Motion to Dismiss at p. 16-18). Defendants Park County Detention Center and Defendants Harris, Torczon and Longo in their "official capacity" would assert that Plaintiff's complaint is frivolous and under the PLRA this Court has the discretion to screen Plaintiff's complaint and dismiss those claims which the Court believes Defendants would be immune from.

## V.    CONCLUSION

Plaintiff has failed to meet the pleading requirements to survive a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).  As the court held in *Iqbal*, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and in this case should not save Plaintiff's complaint from being dismissed. Defendants Park County Detention Center and Defendants Harris, Torczon and Longo in their "official capacity" respectfully request that the Court grant their Motion to Dismiss and dismiss all claims against them.


**DATED** this 21st day of March, 2017.

/s/ Thomas A. Thompson
Thomas A. Thompson, #6-2640
Attorney for Defendants

## CERTIFICATE OF SERVICE

I do hereby certify that I have sent a copy of the foregoing on this 21st day of March, 2017, to the following individual.

Rogelio Rodriquez, Jr.                              [✓] U.S. MAIL
Park County Detention Center
1402 Riverview Drive
Cody, Wyoming 82414


I electronically filed the foregoing instrument with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the registered CM/ECF user at the following address:

John H. Ridge
Supervising Attorney General
2424 Pioneer Avenue, 2nd Floor
Cheyenne, WY 82002
john.ridge@wyo.gov

                                        /s/ Thomas A. Thompson
                                        For MacPherson, Kelly, & Thompson, LLC


Electronically Filed By: JS